■ SIMMONS FIRST NATIONAL BANK, Respondent, v DONALD MANDRACCHIA et al., Appellants. [669 NYS2d 646] —In an action to foreclose a mortgage, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated July 12, 1996, as, upon renewal, adhered to the determination in a prior order of the same court dated June 7, 1996, which, *inter alia,* denied their motion to vacate a default judgment of foreclosure and sale.

Ordered that the order is affirmed insofar as appealed, with costs.

Contrary to the appellants' contentions, the court did not err in denying their motion to vacate the default judgment of foreclosure and sale without holding a hearing to determine the validity of service of process. The affidavits of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2), and the appellants' conclusory denials of service were insufficient to raise any issue of fact (*see, Remington Invs. v Seiden,* 240 AD2d 647; *Manhattan Sav. Bank v Kohen,* 231 AD2d 499; *Sando Realty Corp. v Aris,* 209 AD2d 682).

Although the appellants contend that the description of their daughter in the affidavit of service was inaccurate, which demonstrates that she was not the person served, the discrepancies are minimal and do not raise a factual issue. Moreover, two days after the date of service a notice of appearance was filed by the appellants' bankruptcy attorney, identifying him as representing the appellants in the foreclosure action. Even

crediting the appellants' contentions that this attorney's notice of appearance was unauthorized, the mere fact that it was filed two days after service was made upon the appellants' daughter effectively undermines any claims that service was never made. Under the circumstances, no hearing was necessary (*see, Remington Invs. v Seiden, supra; Sando Realty Corp. v Aris, supra*).

The appellants' failure to demonstrate the existence of any meritorious defense to the foreclosure action is in and of itself reason enough to deny their motion to vacate (*see, Peacock v Kalikow*, 239 AD2d 188; *Halali v Gabbay*, 223 AD2d 623).

The appellants' remaining contentions are without merit. Mangano, P. J., Bracken, Miller and Krausman, JJ., concur.