■ INDYMAC FEDERAL BANK, FSB, Respondent, v JEFFREY HYMAN et al., Appellants, et al., Defendants. [901 NYS2d 545]—In an action to foreclose a mortgage, the defendants Jeffrey Hyman and Ria Debra Hyman appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated May 27, 2009, as denied their cross motion, inter alia, to vacate a judgment of foreclosure and sale of the same court dated January 6, 2009, entered upon their default in answering the complaint, and to set aside the foreclosure sale.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied the appellants' motion, inter alia, to vacate the judgment of foreclosure and sale entered upon their default in answering without conducting a hearing to determine the validity of service of process. The process server's affidavits constituted prima facie evidence of proper service, and the appellants' allegations were insufficient to refute the contents of the affidavits (*see Beneficial Homeowner Serv. Corp. v Girault,* 60 AD3d 984 [2009]; *Wells Fargo Bank, N.A. v McGloster,* 48 AD3d 457, 458 [2008]; *NYCTL 1997-1 Trust v Nillas,* 288 AD2d 279 [2001]; *Green Point Sav. Bank v Clark,* 253 AD2d 514 [1998]; *Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375 [1998]). The claimed discrepancies between the appearance of the appellant Jeffrey Hyman and the description in the process server's affidavits were minor and insufficiently substantiated to warrant a hearing (*see Wells Fargo Bank, N.A. v McGloster,* 48 AD3d at 458; *NYCTL 1997-1 Trust v Nillas,* 288 AD2d at 279; *Green Point Sav. Bank v Clark,* 253 AD2d at 515; *Simmons First Natl. Bank v Mandracchia,*

248 AD2d at 375). Covello, J.P., Dickerson, Eng and Austin, JJ., concur.