U.S. BANK, NATIONAL ASSOCIATION, Respondent, v BERNARDO ARIAS, Appellant, et al., Defendants. [927 NYS2d 362]—

In an action to foreclose a mortgage, the defendant Bernardo Arias appeals from an order of the Supreme Court, Queens County (Markey, J.), dated June 7, 2010, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale of the same court dated August 4, 2009, entered upon his default in appearing in the action or answering the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Bernardo

Arias was properly served with copies of the summons and complaint pursuant to CPLR 308 (2), and for a new determination thereafter of his motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

In August 2008 the plaintiff commenced this action to foreclose a mortgage on certain real property in Far Rockaway. One affidavit of service indicated that the defendant Bernardo Arias (hereinafter the defendant) was served with copies of the summons and complaint by substituted service pursuant to CPLR 308 (2) on August 19, 2008. Specifically, that affidavit of service recites that copies of the summons and complaint were delivered to a cotenant of suitable age and discretion at the defendant's residence at the location that is the subject of this action, and that additional copies were mailed to the defendant at that address on August 27, 2008. After research conducted on behalf of the plaintiff allegedly revealed that the defendant's last known address was at a different location, in Long Island City, service was attempted again. A second affidavit of service indicated that the defendant was served by substituted service pursuant to CPLR 308 (2) on September 13, 2008, by delivery of the papers to a cotenant of suitable age and discretion at the Long Island City address, and mailing to the defendant at that location on September 17, 2008. The defendant neither answered the complaint nor appeared in the action. The Supreme Court issued a judgment of foreclosure and sale dated August 4, 2009.

By order to show cause dated January 27, 2010, the defendant moved pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court denied the defendant's motion in its entirety, without conducting a hearing. We reverse.

"A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits'" (*Scarano v Scarano*, 63 AD3d at 716, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]).

Here, the Supreme Court erred in determining the defendant's motion without first conducting a hearing. The process

server's affidavits constituted prima facie evidence of proper service (*see Scarano v Scarano*, 63 AD3d at 716). However, to rebut that showing, the defendant submitted a sworn denial of service containing specific facts to rebut the presumption of proper service. Furthermore, in replying to contentions raised by the plaintiff in its opposition papers, the defendant submitted documentary evidence supporting his claim that he did not reside at the subject premises or at the Long Island City address in 2008. The defendant's submission was sufficient to rebut the prima facie showing of proper service, and to necessitate a hearing. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process pursuant to CPLR 308 (2), and for a new determination thereafter of his motion to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.