■ US National Bank Association, as Trustee, Respondent, v Glen Harlan Melton, Appellant. [934 NYS2d 352]—

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989 [2010]), and the defendant's unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (*id.*). A hearing is not required where, as here, the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit (*see U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1015 [2011]; *Scarano v Scarano*, 63 AD3d 716 [2009]). Furthermore, the affirmation of an attorney which is not based upon personal knowledge of the facts is of no probative or evidentiary significance (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384-385 [2005]; *Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2006]).

To the extent that the defendant moved pursuant to CPLR 5015 (a) (1) to vacate the judgment, the motion was untimely since it was not made within one year after a copy of the judgment was served upon him with notice of entry (*see* CPLR 5015 [a] [1]). Moreover, the defendant was not entitled to relief pursuant to CPLR 5015 (a) (1), as he failed to set forth any reasonable excuse for his default (*see Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1020 [2010]). Finally, even if the defendant's motion were treated as one made pursuant to CPLR 317, he both failed to demonstrate that he did not receive notice of the action in time to defend and made his motion in May 2010, more than one year after a copy of the judgment was served upon him with notice of entry (*see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011]).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.