■ CITI MORTGAGE, INC., Respondent, v NEIL BASER et al., Appellants, et al., Defendants. [26 NYS3d 352]—

In an action to foreclose a mortgage, the defendants Neil Baser and Sarah Baser appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered November 5, 2014, which denied their motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate an order of reference of the same court (McCabe, J.), entered October 17, 2008, upon their default in appearing or answering the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint, and (2), as limited by their brief, from so much of an order of the same court (Adams, J.), entered May 8, 2015, as, in effect, upon granting that branch of their motion which was for reargument, adhered to the original determination in the order entered November 5, 2014, denying that branch of their motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint.

Ordered that the appeal from the order entered November 5, 2014, is dismissed, as that order was superseded by the order entered May 8, 2015, made, in effect, upon reargument; and it is further,

Ordered that the order entered May 8, 2015 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly, in effect, upon reargument, adhered to its original determination denying the appellants' motion, in effect, pursuant to CPLR 5015 (a) (4) and 3211 (a) (8) to vacate the order of reference entered upon their default in appearing in this action or answering the complaint without conducting a hearing on the issue of service of process. The plaintiff's process server's affidavit constituted prima facie evidence of proper service and the appellants' allegations were insufficient to refute the contents of the affidavit (see *Indymac Fed. Bank, FSB v Hyman*, 74 AD3d 751, 751 [2010]; *Wells Fargo Bank, N.A. v McGloster*, 48 AD3d 457, 458 [2008]; *Chemical Bank v Darnley*, 300 AD2d 613, 613 [2002]; *NYCTL 1997-1 Trust v Nillas*, 288 AD2d 279 [2001]; *Green Point Sav. Bank v Clark*, 253 AD2d 514 [1998]). The discrepancies claimed by the appellants between the appearance of the appellant Neil Baser and the description of him provided in the process server's affidavit were minor and insufficient to warrant a hearing on the issue of service (see *Indymac Fed. Bank, FSB v Hyman*, 74 AD3d at 751; *Wells Fargo Bank, N.A. v McGloster*, 48 AD3d at 458; *Chemical Bank v Darnley*, 300 AD2d at 613; *NYCTL 1997-1 Trust v Nillas*, 288 AD2d at 279; *Green Point Sav. Bank v Clark*, 253 AD2d at 514).

Further, in light of our determination that the Supreme Court properly adhered to its original determination denying the appellants' motion, in effect, pursuant to CPLR 5015 (a) (4) and 3211 (a) (8), and since an order of reference had been entered upon their default, the Supreme Court, properly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint due to the plaintiff's alleged failure to comply with the notice requirements of Real Property Actions and Proceedings Law § 1303 (see *Citimortgage, Inc. v Pembelton*, 39 Misc 3d 454, 463-464 [Sup Ct, Suffolk County 2013]; see also *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 984 [2011]; *McGee v Dunn*, 75 AD3d 624, 625 [2010]).

In light of our determination that the appellants are not entitled to the vacatur of their default, we need not reach their remaining contentions. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.