■ WELLS FARGO BANK, N.A., Respondent, v ROCHELLE KOHN et al., Appellants, et al., Defendants. [28 NYS3d 80]—

In an action to foreclose a mortgage, the defendants Rochelle Kohn and David Kohn appeal from an order of the Supreme

Court, Kings County (Silber, J.), dated November 13, 2014, which denied their motion, inter alia, pursuant to CPLR 5015 (a) to vacate their default in appearing or answering the complaint, and to vacate an order of reference of the same court dated June 9, 2014, entered upon their failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the contention of the defendants Rochelle Kohn and David Kohn (hereinafter together the appellants), the conclusory and unsubstantiated denial of receipt of service by Rochelle Kohn, who conceded that her memory of the events on the date of service was compromised, lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the process server's affidavit of service (*see Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763 [2012]). Likewise, her reliance upon a single, minor discrepancy between her appearance and the description of the person served in the affidavit of service was insufficient to raise an issue of fact warranting a hearing to determine the validity of service of process (*see Green Point Sav. Bank v Clark*, 253 AD2d 514 [1998]; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d 375 [1998]). Accordingly, the Supreme Court properly rejected the appellants' claim of lack of service and denied that branch of their motion which was, in effect, pursuant to CPLR 5015 (a) (4) to vacate their default in appearing or answering the complaint and to dismiss the complaint (*see generally U.S. Bank N.A. v Tate*, 102 AD3d 859 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]; *ACT Props., LLC v Garcia*, 102 AD3d 712 [2013]).

Moreover, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (1) to vacate their default in opposing the plaintiff's motion for an order of reference, as the defendants failed to establish a reasonable excuse for their default and a potentially meritorious defense (*see generally Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047 [2015]; *Roberts v Anka*, 45 AD3d 752 [2007]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.