■ WELLS FARGO BANK, N.A., as Trustee for MASTR ASSET BACKED SECURITIES TRUST 2003-OPT-1 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2003-OPT-1, Respondent, v MARK TRICARICO, Also Known as MARK N. TRICARICO, et al., Appellants, et al., Defendants. [32 NYS3d 213]—

In an action to foreclose a mortgage, the defendants Mark Tricarico, also known as Mark N. Tricarico, and Lynda Tricarico, also known as Linda Tricarico, appeal (1) from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated December 20, 2013, which denied their motion pursuant to CPLR 317 and 5015, in effect, inter alia, to vacate a judgment of foreclosure and sale of the same court dated April 21, 2008, entered upon their default in appearing or answering the complaint, to set aside the foreclosure sale held pursuant thereto, and to vacate the referee's deed in foreclosure, and (2), as limited by their brief, from so much of an order of the same court dated June 27, 2014, as, in effect, upon renewal, adhered to the determination in the order dated December 20, 2013.

Ordered that the appeal from the order dated December 20, 2013, is dismissed, as that order was superseded by the order dated June 27, 2014, made upon renewal; and it is further,

Ordered that the order dated June 27, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff commenced this action in June 2007 to foreclose on a mortgage given by the defendants Mark Tricarico, also known as Mark N. Tricarico (hereinafter Mark Tricarico), and Lynda Tricarico, also known as Linda Tricarico (hereinafter Lynda Tricarico; hereinafter together the defendants), on certain residential real property. According to the affidavits of service, service of process was made upon Lynda Tricarico personally (see CPLR 308 [1]) and upon Mark Tricarico by delivery to Lynda Tricarico, a person of suitable age and discretion (see CPLR 308 [2]), at the subject premises. On April 21, 2008, the Supreme Court issued a judgment of foreclosure and sale entered upon the defendants' default in appearing or answering the complaint. Thereafter, a copy of the judgment of

foreclosure and sale with notice of entry on May 1, 2008, was served on the defendants at the subject premises. The property was subsequently conveyed to the plaintiff by referee's deed. In September 2013, the defendants moved, inter alia, to vacate the judgment entered upon their default and to dismiss the complaint insofar as asserted against them on the ground that they had not been served with process (see CPLR 5015 [a] [4]) and, alternatively, to vacate the judgment and for leave to serve a late answer (see CPLR 317). The Supreme Court denied the motion. The defendants later moved, inter alia, for leave to renew their motion. The Supreme Court, in effect, granted renewal and, upon renewal, adhered to its prior determination. The defendants appeal.

The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (1) and (2) (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013]; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457, 457 [2008]). Contrary to the defendants' contention, the claimed discrepancies between Lynda Tricarico's physical appearance and the description contained in the process server's affidavit were minor and insufficiently substantiated to warrant a hearing (see Wells Fargo Bank, N.A. v Moza, 129 AD3d 946, 947 [2015]; Wells Fargo Bank, N.A. v McGloster, 48 AD3d at 457; NYCTL 1997-1 Trust v Nillas, 288 AD2d 279 [2001]; Dominican Sisters of Ontario v Dunn, 272 AD2d 367, 367-368 [2000]). In addition, in his affidavit, Mark Tricarico failed to swear to specific facts to rebut the statements in the process server's affidavit (see Bank of N.Y. v Samuels, 107 AD3d 653, 654 [2013]; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]; Greenpoint Sav. Bank v Aponte, 238 AD2d 376, 377 [1997]; cf. Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631-632 [2012]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016 [2011]). As to the defendants' claim that the signature of the process server was forged, the evidence submitted was insufficient to rebut the plaintiff's prima facie proof (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]; JPMorgan Chase Bank, N.A. v Bauer, 92 AD3d 641, 642 [2012]; see also John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 622 [2008]). Consequently, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment and foreclosure sale entered upon their default.

Of the two defendants, Mark Tricarico was the only one served with process "other than by personal delivery" (CPLR 317), and therefore he alone could seek relief under CPLR 317

(see CPLR 308 [2]; cf. [1]). However, the branch of the motion which was pursuant to CPLR 317 was properly denied since the motion was made more than five years after entry of the judgment (see CPLR 317). In any event, Mark Tricarico failed to demonstrate that he did not receive actual notice of the action in time to defend (see CPLR 317; *Malik v Noe*, 54 AD3d 733, 734 [2008]; *HSBC Bank USA v Desrouilleres*, 128 AD3d 1013, 1015 [2015]; *US Natl. Bank Assn. v Melton*, 90 AD3d at 744), nor the existence of a potentially meritorious defense (see CPLR 317; *PHH Mtge. Corp. v Muricy*, 135 AD3d 725 [2016]).

Finally, the Supreme Court, in effect, upon renewal, properly adhered to its prior determination (see CPLR 2221 [e]; *Washington Mut. Bank v Wade*, 119 AD3d 930, 931 [2014]; *Bank of Smithtown v Pine Tree Devs., LLC*, 105 AD3d 983, 984 [2013]). The defendants failed to set forth a reasonable justification for their failure to submit the report of their handwriting expert on their initial motion (see CPLR 2221 [e] [3]; *Heltz v Barratt*, 115 AD3d 1298, 1299 [2014], *affd* 24 NY3d 1185 [2014]; *Ferdico v Zweig*, 82 AD3d 1151, 1152 [2011]), and failed to show that the purported new facts would have changed the prior determination (see CPLR 2221 [e] [2]; *Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 384; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 983 [2015]; *Wells Fargo Bank, N.A. v Chaplin*, 100 AD3d 744, 745 [2012]). Chambers, J.P., Austin, Roman and Duffy, JJ., concur.