■ US Bank National Association, Respondent, v Mary Cherubin, Appellant, et al., Defendants. [36 NYS3d 154]—

In an action to foreclose a mortgage, the defendant Mary Cherubin appeals from an order of the Supreme Court, Kings County (Sherman, J.), dated April 2, 2015, which granted the plaintiff's motion, inter alia, for leave to enter a default judgment against her and denied her cross motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against her or, in the alternative, to vacate her default in appearing in the action.

Ordered that the order is affirmed, with costs.

On April 3, 2006, the defendant Mary Cherubin (hereinafter

the defendant) executed a note and mortgage in the principal sum of $456,000. In January 2009, the defendant allegedly defaulted on her payment obligations under the note and mortgage, and the plaintiff commenced this action on June 19, 2009. The defendant allegedly was served with process pursuant to CPLR 308 (2) by the delivery of a copy of the summons and complaint to a person believed to be the defendant's husband at her address at the mortgaged premises, and by mail to the mortgaged premises. The person allegedly served refused to give his name. He was described in the affidavit of service as being 50 to 59 years of age, 175 to 199 pounds, 5'8 inches to 5'11 inches tall, black and bald. The defendant did not answer the complaint or otherwise appear in the action.

On January 24, 2014, the plaintiff moved for leave to enter a default judgment and for the appointment of a referee to compute the amount due. The defendant cross-moved to dismiss the complaint insofar as asserted against her, contending that service was improper, or, in the alterative, to vacate her default. The defendant denied that she was ever served with a summons and complaint. She stated that the affidavit of service described her husband as 5'8 inches to 5'11 inches tall, when he was actually 6'4 inches tall. She also submitted evidence that the process server who allegedly served her was the subject of disciplinary charges in 2010 relating to improper service of process. She did not submit evidence of her late husband's height at the time of service.

In her affidavit, the defendant admitted that she defaulted in paying the mortgage in 2009, when her husband became ill. Her husband died in December 2011. She noted that she had applied for loan modification.

In the order appealed from, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion, concluding that the defendant's bare denial of receipt of the summons and complaint was insufficient to show lack of proper service, there was no reasonable excuse for the default, and the plaintiff submitted an affidavit of merit establishing the defendant's default.

Before a defendant may be held in default, the plaintiff has the burden of establishing personal jurisdiction over the defendant (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860 [2016]; Wells Fargo Bank, N.A. v Moza, 129 AD3d 946, 947 [2015]). A process server's affidavit of service gives rise to a presumption of proper service (see Machovec v Svoboda, 120 AD3d 772, 773 [2014]). The defendant can overcome the

presumption raised by the process server's affidavit of service with a sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit (*see id.*). If such a showing is made, the defendant is entitled to a hearing on service (*see id.*). Significant discrepancies in the description of the person served, which cannot be explained by the passage of time, may be sufficient for such a showing (*see id.*).

Here, the defendant relies on a single discrepancy between her late husband's appearance and the description of the person who received the summons and complaint in the affidavit of service—i.e., the late husband was 6'4 inches tall, and the process server described the person alleged to be her husband as between 5'8 inches and 5'11 inches tall.

"[A] single, minor discrepancy between [the] appearance [of the person allegedly served] and the description of the person served in the affidavit of service" is generally insufficient to raise an issue of fact warranting a hearing (*Wells Fargo Bank, N.A. v Kohn*, 137 AD3d 897, 898 [2016]; *see Green Point Sav. Bank v Clark*, 253 AD2d 514, 515 [1998]; *Simmons First Natl. Bank v Mandracchia*, 248 AD2d 375 [1998]). Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect (*see Indymac Fed. Bank, FSB v Hyman*, 74 AD3d 751 [2010]).

Here, the defendant alleged that there was a five-inch discrepancy with respect to the husband's height, but the process server's statement as to his age, weight, hair style (bald), race, and gender are unchallenged. In addition, the alleged height discrepancy was not sufficiently substantiated (*see id.*). Therefore, the defendant failed to rebut the presumption of proper service, and was properly found to be in default in appearing or answering the complaint.

In order to prevail on that branch of her cross motion which was to vacate her default, she was required to establish a reasonable excuse for her default, and a potentially meritorious defense (*see U.S. Bank N.A. v Alba*, 130 AD3d 715, 716 [2015]). She provided no reasonable excuse for her default in answering the complaint. Therefore, we need not consider whether she proffered a meritorious defense (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044 [2014]).

Accordingly, the Supreme Court properly granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and denied the defendant's cross

motion to dismiss the complaint insofar as asserted against her or, in the alternative, to vacate her default in appearing in the action. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.