PNC Bank, N.A. v Bannister (2018 NY Slip Op 03718)





PNC Bank, N.A. v Bannister


2018 NY Slip Op 03718


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-01411
 (Index No. 35130/11)

[*1]PNC Bank, National Association, respondent, 
v
Jerome A. Bannister, appellant, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY, for appellant.
McGlinchey Stafford, New York, NY (Mitra Paul Singh and Victor L. Matthews of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jerome A. Bannister appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated October 5, 2015. The order denied the motion of the defendants Jerome A. Bannister and Harriette L. Bannister, inter alia, to vacate a judgment of foreclosure and sale of the same court entered July 8, 2014, upon their failure to answer the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action against, among others, the defendants Jerome A. Bannister and Harriette L. Bannister (hereinafter together the Bannisters). It is undisputed that the Bannisters defaulted in answering the complaint. In September 2013, the plaintiff's motion for a default judgment and an order of reference was granted without opposition. On July 8, 2014, the Supreme Court entered a judgment of foreclosure and sale, and the subject property was sold at auction on October 2, 2014.
On May 1, 2015, the Bannisters moved, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale, to set aside the foreclosure sale of the property, and to dismiss the complaint insofar as asserted against them or, in the alternative, to extend the time to file an answer. In an order dated October 5, 2015, the Supreme Court denied the Bannisters' motion. Jerome A. Bannister appeals.
"Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863 [internal quotation marks omitted]; see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047; Roberts v Anka, 45 AD3d 752, 753).
Pursuant to CPLR 308(1), personal service may be made "by delivering the summons within the state to the person to be served." A process server's affidavit of service constitutes prima facie evidence of proper service (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; Scarano v Scarano, 63 AD3d 716, 716). "[A] defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Scarano v Scarano, 63 AD3d [*2]at 716; see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015). However, a bare and unsubstantiated denial of service is insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where "the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (US Natl. Bank Assn. v Melton, 90 AD3d at 743; see U.S. Bank, N.A. v Arias, 85 AD3d at 1015; Scarano v Scarano, 63 AD3d at 716). A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing (see U.S. Bank N.A. v Cherubin, 141 AD3d 514, 516; Wells Fargo Bank, N.A. v Kohn, 137 AD3d 897, 898). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (U.S. Bank N.A. v Cherubin, 141 AD3d at 516).
Here, the Bannisters' submissions in support of their motion were insufficient to defeat the presumption of proper service created by the affidavits of the plaintiff's process server. Contrary to the appellant's contention, the claimed discrepancies between the appellant's physical appearance and the description of the person served contained in the process server's affidavits were either too minor or insufficiently substantiated to warrant a hearing (see U.S. Bank N.A. v Cherubin, 141 AD3d at 516; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723; Citimortgage, Inc. v Baser, 137 AD3d 735, 736; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751).
To the extent that the Bannisters' motion sought vacatur pursuant to CPLR 5015(a)(1), they were not entitled to such relief, since they failed to set forth a reasonable excuse for their default. Thus, it is unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652). Likewise, the Bannisters were not entitled to an extension of time to file an answer (see Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 889, 890).
Accordingly, the Bannisters' motion was properly denied.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court