Bayview Loan Servicing, LLC v Yusupova (2019 NY Slip Op 03312)





Bayview Loan Servicing, LLC v Yusupova


2019 NY Slip Op 03312


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08338
 (Index No. 15429/11)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Zarina Yusupova, appellant, et al., defendants.


Steven Zalewski & Associates, P.C., Kew Gardens, NY (Dustin Bowman of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Lisa Browne of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Zarina Yusupova appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 21, 2017. The order denied that defendant's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated January 14, 2016, entered upon her failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff's predecessor in interest commenced this action to foreclose a mortgage against, among others, the defendant Zarina Yusuapova (hereinafter the defendant). An affidavit of the process server indicates that on November 7, 2011, the summons and complaint was delivered to a person identified as the defendant's son, Jonathan Yusupova, a person of suitable age and discretion (see CPLR 308[2]). The defendant's son was described as being 28 years of age, 160 pounds, and five feet, five inches tall, with tan skin and black hair. The defendant neither answered the complaint nor appeared in this action.
On January 14, 2016, the Supreme Court entered a judgment of foreclosure and sale. Thereafter, the defendant moved, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, arguing that she had not been served with process. In an order entered April 21, 2017, the court denied the defendant's motion, determining that the "conclusory affidavit of Jonathan Yusupova is inadequate to refute the . . . affidavit of the plaintiff's process server . . . and warrant a hearing." The defendant appeals.
"To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (HSBC Bank USA v Whitter, 159 AD3d 942, 945; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; Mahovec v Svoboda, 120 AD3d 772, 773). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [citations omitted]; [*2]see Engel v Boymelgreen, 80 AD3d 653, 654; Associates First Capital Corp. v Wiggins, 75 AD3d 614; City of New York v Miller, 72 AD3d 726, 727).
Although "[s]ignificant discrepancies in the description of the person served, which cannot be explained by the passage of time, may be sufficient for such a showing" (US Bank, N.A. v Cherubin, 141 AD3d 514, 516), "[a] minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115; see US Bank, N.A. v Cherubin, 141 AD3d at 516; Wells Fargo Bank, N.A v Kohn, 137 AD3d 897, 898). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank, N.A. v Cherubin, 141 AD3d at 516).
Here, we agree with the Supreme Court's determination that the defendant's submissions were insufficient to rebut the process server's affidavit and, thus, that no hearing was warranted. The claimed discrepancies between the appearance of the defendant's son and the description in the process server's affidavit were minor and insufficiently substantiated (see PNC Bank, N.A. v Bannister, 161 AD3d at 1115; US Bank, N.A. v Cherubin, 141 AD3d at 516; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723; Citimortgage, Inc. v Baser, 137 AD3d 735, 736).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court