GMAC Mtge., LLC v Eberle (2019 NY Slip Op 03572)





GMAC Mtge., LLC v Eberle


2019 NY Slip Op 03572


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-11754
 (Index No. 50055/09)

[*1]GMAC Mortgage, LLC, respondent, 
v
Brian Eberle, appellant, et al., defendants.


Michael J. Tulchiner, Melville, NY (Gerald V. Dandeneau and Genna L. Rappaport of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brian Eberle appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated September 7, 2017. The order, insofar as appealed from, as limited by the brief, denied that branch of the cross motion of the defendant Brian Eberle which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action on December 24, 2009, to foreclose a mortgage which was executed by the defendant Brian Eberle (hereinafter the defendant) on November 29, 2001, along with a promissory note, in favor of Coastal Capital Corp. The plaintiff became the owner and holder of the promissory note and mortgage by an assignment dated December 11, 2009. The plaintiff alleged that the defendant had defaulted in making monthly mortgage payments since July 1, 2009. The plaintiff moved, inter alia, for a default judgment based upon the defendant's failure to serve an answer. The defendant cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process. The Supreme Court, among other things, denied that branch of the defendant's cross motion, and the defendant appeals.
Pursuant to CPLR 308(1), personal service may be made "by delivering the summons within the state to the person to be served." A process server's affidavit of service constitutes prima facie evidence of proper service (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; Scarano v Scarano, 63 AD3d 716, 716). "[A] defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Scarano v Scarano, 63 AD3d at 716; see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015). However, a bare and unsubstantiated denial of service is insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where "the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (US Natl. Bank Assn. v Melton, 90 AD3d at 743; see U.S. Bank, N.A. v Arias, 85 AD3d at 1015; Scarano v Scarano, 63 AD3d at 716). A [*2]minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing (see US Bank N.A. v Cherubin, 141 AD3d 514, 516; Wells Fargo Bank, N.A. v Kohn, 137 AD3d 897, 898). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank N.A. v Cherubin, 141 AD3d at 516).
Here, the defendant's submissions in support of his cross motion, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, were insufficient to defeat the presumption of proper service created by the affidavit of the plaintiff's process server. Contrary to the defendant's contention, the claimed discrepancies between the defendant's physical appearance and the description of the person served contained in the process server's affidavit were either too minor or insufficiently substantiated to warrant a hearing (see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116; US Bank N.A. v Cherubin, 141 AD3d at 516; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723; Citimortgage, Inc. v Baser, 137 AD3d 735, 736; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751).
Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service of process.
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court