Rodriguez v 60 Graham, LLC (2019 NY Slip Op 04979)





Rodriguez v 60 Graham, LLC


2019 NY Slip Op 04979


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-09958
 (Index No. 510650/14)

[*1]Tinamarie Rodriguez, appellant, 
v
60 Graham, LLC, et al., defendants, City Signs, Inc., respondent (and a third-party action).


Joseph Deliso, Brooklyn, NY, for appellant.
Clausen Miller P.C., New York, NY (Kimberly A. Kearney, Carl M. Perri, and Matthew J. Van Dusen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated August 10, 2017. The order granted the motion of the defendant City Signs, Inc., pursuant to CPLR 5015 to vacate an order of the same court dated March 9, 2017, granting the plaintiff's motion for leave to enter a default judgment against it.
ORDERED that the order dated August 10, 2017, is reversed, on the law, with costs, and the motion of the defendant City Signs, Inc., pursuant to CPLR 5015 to vacate the order dated March 9, 2017, is denied.
The plaintiff allegedly was injured on August 24, 2014, when a sign installed by the defendant City Signs, Inc. (hereinafter City Signs), fell from the building to which it was attached and struck her. The plaintiff commenced this personal injury action against City Signs and others. After City Signs failed to appear or answer, the Supreme Court, in an order dated March 9, 2017, granted the plaintiff's motion for leave to enter a default judgment against City Signs. Thereafter, City Signs moved pursuant to CPLR 5015 to vacate the order dated March 9, 2017. The court granted City Signs's motion, and the plaintiff appeals.
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817 [internal quotation marks omitted]; see Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 820; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764). "To be entitled to vacatur of a default judgment . . . a defendant must overcome the presumption raised by the process server's affidavit of service" (Machovec v Svoboda, 120 AD3d 772, 773). "A defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing; however, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the affidavit of service" (Wells Fargo Bank, N.A. v Leonardo, 167 AD3d at 817). The sworn denial of receipt of service must be a "detailed and specific contradiction" of the allegations in the process server's affidavit (Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344; see [*2]Scarano v Scarano, 63 AD3d 716).
Here, City Signs relied on an affidavit of the individual allegedly served in support of its contention that there were discrepancies between her appearance and the description of her provided in the process server's affidavit. However, the claimed discrepancies were minor and did not warrant a hearing on the issue of service (see US Bank N.A. v Cherubin, 141 AD3d 514, 515-516; Citimortgage, Inc. v Baser, 137 AD3d 735, 736; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751; Wells Fargo Bank, N.A. v McGloster, 48 AD3d 457). Additionally, City Signs failed to substantiate the claimed discrepancies (see US Bank N.A. v Cherubin, 141 AD3d at 516; Indymac Fed. Bank, FSB v Hyman, 74 AD3d at 751).
Accordingly, the Supreme Court should have denied City Signs's motion pursuant to CPLR 5015 to vacate the order dated March 9, 2017, granting the plaintiff's motion for leave to enter a default judgment against it.
DILLON, J.P., BALKIN, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court