Deutsche Bank Natl. Trust Co. v Yurowitz (2020 NY Slip Op 01599)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Deutsche Bank Natl. Trust Co. v Yurowitz

2020 NY Slip Op 01599

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-00155
(Index No. 5315/09)

[*1]Deutsche Bank National Trust Company, etc., respondent,
vEphraim Yurowitz, appellant, et al., defendants.

Jeremy Rosenberg, New York, NY, for appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ephraim Yurowitz appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), entered November 16, 2016. The order denied that defendant's motion, inter alia, to vacate a notice of sale and a judgment of foreclosure and sale of the same court (Alfred J. Weiner, J.), entered June 16, 2010, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In June 2009, the plaintiff commenced this residential mortgage foreclosure action against the defendant Ephraim Yurowitz, among others. Yurowitz allegedly was personally served with process pursuant to CPLR 308(1), and failed to appear or answer the complaint. In March 2010, the Supreme Court appointed a referee to compute the amount due and, in June 2010, the same court awarded the plaintiff a judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. In November 2014, a notice of sale was issued advising that the property would be sold at public auction on January 5, 2015.
By order to show cause dated January 2, 2015, Yurowitz moved, in effect, to vacate his default in appearing or answering the complaint, to vacate the judgment of foreclosure and sale and notice of sale, and to dismiss the complaint insofar as asserted against him for, inter alia, lack of personal jurisdiction. The Supreme Court denied Yurowitz's motion, and Yurowitz appeals.
"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (U.S. Bank N.A. v Langner, 168 AD3d 1021, 1023 [internal quotation marks omitted]; see US Bank N.A. v Cherubin, 141 AD3d 514, 515; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "The defendant can overcome the presumption raised by the process server's affidavit of service with a sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit" (US Bank N.A. v Cherubin, 141 AD3d at 515-516; see Machovec v Svoboda, 120 AD3d 772, 773). "If such a showing is made, the defendant is entitled to a hearing on service" (US Bank N.A. v Cherubin, 141 AD3d at 516; see Machovec v Svoboda, 120 AD3d at 773). "Significant discrepancies in the description of the person served, which cannot be explained by the passage of time, may be sufficient for such a showing" (US Bank N.A. v Cherubin, 141 AD3d at 516; Machovec v Svoboda, 120 AD3d at 773).
Here, the process server's affidavit established, prima facie, that service was validly made pursuant to CPLR 308(1). Yurowitz denies he was ever served, and points to the discrepancy between his alleged actual height and weight at the time of service, 6 feet 4 inches and 200 pounds, respectively, and the approximate height and weight the process server estimated the person he served to be, 5 feet 10 inches and 175 pounds, respectively.
Minor discrepancies between the appearance of the person allegedly served and the description of the person served in the affidavit of service are generally insufficient to raise an issue of fact warranting a hearing (see US Bank N.A. v Cherubin, 141 AD3d at 516; Wells Fargo Bank, N.A. v Kohn, 137 AD3d 897, 898; Green Point Sav. Bank v Clark, 253 AD2d 514, 515). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank N.A. v Cherubin, 141 AD3d at 516; see Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751). As the claimed discrepancies between the appearance of Yurowitz and the description in the process server's affidavit in this case were insufficiently substantiated to warrant a hearing (see Indymac Fed. Bank, FSB v Hyman, 74 AD3d at 751; see also US Bank N.A. v Cherubin, 141 AD3d at 516), we agree with the Supreme Court's determination to deny, without a hearing, those branches of Yurowitz's motion which were to vacate the notice of sale and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
Since the defendant failed to establish grounds for the vacatur of his default, we need not reach his remaining contention.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court