One W. Bank, FSB v Rotondaro (2020 NY Slip Op 06278)





One W. Bank, FSB v Rotondaro


2020 NY Slip Op 06278


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-11878
 (Index No. 18713/09)

[*1]One West Bank, FSB, respondent, 
v
Lenore Rotondaro, et al., appellants, et al., defendant.


Ronald D. Weiss, P.C., Melville, NY, for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Lenore Rotondaro and Andrew Carroll appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 13, 2017. The order, insofar as appealed from, in effect, denied that branch of the cross motion of those defendants which was, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court entered April 9, 2013, upon their failure to appear or answer the complaint.
ORDERED that the order dated September 13, 2017, is affirmed insofar as appealed from, with costs.
In September 2009, the plaintiff commenced this action against, among others, the defendants Lenore Rotondaro and Andrew Carroll (hereinafter together the defendants) to foreclose a mortgage on real property in Glen Head. The defendants allegedly were served with process pursuant to CPLR 308(1) and (2), but they failed to answer the complaint or otherwise appear in the action. On April 9, 2013, the Supreme Court entered an order of reference upon the defendants' default. Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the order of reference entered upon their default. In an order dated September 13, 2017, the court, inter alia, in effect, denied that branch of the defendants' cross motion without a hearing. The defendants appeal.
"Under CPLR 5015(a)(4), a default must be vacated once a movant demonstrates lack of personal jurisdiction" (Velez v Forcelli, 125 AD3d 643, 644). "Although a party moving to vacate a default must normally demonstrate a reasonable excuse and a meritorious defense, the movant is relieved of that obligation when lack of personal jurisdiction is asserted as the ground for vacatur" (id. at 644 [internal quotation marks omitted]). Thus, in determining whether the defendant was entitled to vacatur under CPLR 5015(a)(4), the Supreme Court should have considered the defendants' contention that the court lacked personal jurisdiction over them, and not whether the defendants had provided a reasonable excuse for their default. Nevertheless, we agree with the court's determination, in effect, denying, without a hearing, that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the order of reference.
"To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d [*2]776, 776; Mahovec v Svoboda, 120 AD3d 772, 773). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [citations omitted]; see Engel v Boymelgreen, 80 AD3d 653, 654; Associates First Capital Corp. v Wiggins, 75 AD3d 614; City of New York v Miller, 72 AD3d 726, 727).
Although "[s]ignificant discrepancies in the description of the person served, which cannot be explained by the passage of time, may be sufficient for such a showing" (US Bank N.A. v Cherubin, 141 AD3d 514, 516), "[a] minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115; see US Bank N.A. v Cherubin, 141 AD3d at 516; Wells Fargo Bank, N.A v Kohn, 137 AD3d 897, 898). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank N.A. v Cherubin, 141 AD3d at 516).
Here, the defendants' submissions in support of their cross motion were insufficient to defeat the presumption of proper service created by the affidavits of the plaintiff's process server. Contrary to the defendants' contention, the claimed discrepancies between Carroll's appearance and the description of him provided in the process server's affidavits were minor and insufficiently substantiated to warrant a hearing (see id.; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723; Citimortgage, Inc. v Baser, 137 AD3d 735, 736; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751, 751).
Accordingly, we agree with the Supreme Court's determination, in effect, denying, without a hearing, that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 5015(a)(4) to vacate the order of reference.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court