Citimortgage, Inc. v Jimenez (2021 NY Slip Op 03440)





Citimortgage, Inc. v Jimenez


2021 NY Slip Op 03440


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-05469
 (Index No. 18371/14)

[*1]Citimortgage, Inc., respondent,
v
Luis E. Jimenez, et al., defendants, Alana Gordian, appellant.


Avi Rosenfeld, Lawrence, NY, for appellant.
Akerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alana Gordian appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated February 1, 2019. The order, insofar as appealed from, denied that defendant's motion, in effect, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated September 15, 2017, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order dated February 1, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain property in Queens. The defendant Alana Gordian (hereinafter the defendant) did not answer the complaint or appear in the action. On September 15, 2017, the Supreme Court entered an order and judgment of foreclosure and sale, inter alia, directing the foreclosure sale of the subject property. The defendant subsequently moved, in effect, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The court denied the motion without conducting a hearing, and the defendant appeals.
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689 [internal quotation marks omitted]).
Here, the affidavit of the process server, who attested that the defendant was personally served with process on June 23, 2015, at the mortgaged premises, established, prima facie, that the defendant was properly served with process pursuant to CPLR 308(1). Contrary to [*2]the defendant's contention, her submissions in support of her motion were insufficient to defeat the presumption of proper service and to raise an issue of fact in that regard (see U.S. Bank N.A. v Jerome, 173 AD3d 1241).
Accordingly, the Supreme Court properly denied the defendant's motion without a hearing.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court