HSBC Bank USA, N.A. v Proctor (2024 NY Slip Op 05539)

HSBC Bank USA, N.A. v Proctor

2024 NY Slip Op 05539

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 850039/15 Appeal No. 3008 Case No. 2023-03585 

[*1]HSBC Bank USA, National Association, etc., Plaintiff-Respondent,
v
Susan Proctor et al., Defendants, Kay Medrano, Defendant-Appellant.

The Nimkoff Firm PLLC, Syosset (Ronald A. Nimkoff of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury (Joseph F. Battista of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered June 21, 2023, which denied defendant Kay Medrano's motion to vacate the judgment of foreclosure and sale that was entered on default, unanimously affirmed, without costs.
Pursuant to CPLR 308(1), personal service upon a natural person may be made "by delivering the summons within the state to the person to be served." Pursuant to CPLR 308(2), personal service upon a natural person may be made by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." Under either standard, "[t]he affidavit of the process server constitute[s] prima facie evidence of proper service pursuant to CPLR 308 (1) and (2)" (Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723 [2d Dept 2016]).
Here, in a sworn affidavit, the process server described the individual served as a white female with black hair, approximately 50 years old, five feet six inches in height, and 180 pounds. To rebut this prima facie showing under CPLR 308(1), Medrano "was required to submit a sworn, nonconclusory denial of service or swear to specific facts to rebut the statements in the process server's affidavit" (JP Morgan Chase Bank v Dennis, 166 AD3d, 530, 531 [1st Dept 2018]). However, she failed to allege sharp discrepancies such as those described in NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz (7 AD3d 459, 459 [1st Dept 2004]), and failed to submit sufficiently substantiated documentary evidence to warrant a hearing (see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116 [2d Dept 2018]).
Furthermore, service was proper under CPLR 308(2). Medrano did not dispute that the property where service was allegedly effected was her primary residence (see Wells Fargo Bank, N.A. v Javier, 179 AD3d 482, 482 [1st Dept 2020]), nor that her daughter resided at the address where service was effectuated and was of suitable age and discretion to have accepted service (see Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591, 591 [1st Dept 2020], lv dismissed 36 NY3d 1046 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024