U.S. Bank N.A. v Westchester County Pub. Adm'r (2021 NY Slip Op 05886)





U.S. Bank N.A. v Westchester County Pub. Adm'r


2021 NY Slip Op 05886


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-05731 
2018-05732
 (Index No. 20222/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Westchester County Public Administrator, on behalf of Khartoon Hack, et al., defendants, Mohamed Hack, et al., appellants.


Kenneth J. Glassman, New York, NY, for appellants.
Gross Polowy (Reed Smith LLP, New York, NY [Andrew B. Messite and James Faller], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mohamed Hack, Patricia Ann Hack, and Tony Hack appeal from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), entered March 12, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also entered March 12, 2018. The order, insofar as appealed from, denied those defendants' motion (a) pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated March 12, 2015, insofar as it is against them, issued upon their failure to appear or answer the complaint, (b) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and (c) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The order and judgment of foreclosure and sale entered March 12, 2018, insofar as appealed from, is in favor of the plaintiff and against those defendants, directing the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale entered March 12, 2018, is reversed insofar as appealed from, on the law, that branch of the motion of the defendants Mohamed Hack, Patricia Ann Hack, and Tony Hack which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, the judgment of foreclosure and sale dated March 12, 2015, insofar as it is against those defendants is vacated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Mohamed Hack, Patricia Ann Hack, and Tony Hack.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale entered March 12, 2018 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of [*2]foreclosure and sale entered March 12, 2018 (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In September 2008, the plaintiff commenced this action against, among others, Mohamed Hack, Patricia Ann Hack, Tony Hack (hereinafter collectively the defendants), and Khartoon Hack (hereinafter the decedent), who were members of Patricia's family and resided with her at the mortgaged premises. It is not disputed that the defendants defaulted in appearing or answering the complaint, and as a consequence, the plaintiff, on March 12, 2015, obtained a judgment of foreclosure and sale against them. Sale of the property, however, was delayed for a variety of reasons, including the discovery that the decedent had died the preceding year.
In July 2017, the defendants moved (1) pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale insofar as it is against them, issued upon their failure to appear or answer the complaint, (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and (3) pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
The plaintiff opposed the motion, and cross-moved, in effect, for leave to amend the judgment of foreclosure and sale by substituting the Public Administrator and an heir of the decedent as parties. Those representatives of the decedent are not parties to this appeal.
In an order entered March 12, 2018, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion, and in accordance therewith, entered an order and judgment of foreclosure and sale on March 12, 2018, against the defendants and the decedent's representatives, vacated the prior judgment of foreclosure and sale dated March 12, 2015, insofar as it was against the decedent, and directed the sale of the premises. The defendants appeal.
"'To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service'" (HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 604, quoting Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). "A sworn denial of receipt of service containing detailed and specific contradiction of the allegations in the process server's affidavit may defeat the presumption of proper service" (Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). However, "bare and unsubstantiated denials are insufficient to rebut the presumption of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988 [internal quotation marks omitted]; cf. Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1160). "A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (GMAC Mtge., LLC v Eberle, 172 AD3d 822, 823-824; see US Bank N.A. v Cherubin, 141 AD3d 514, 516; Wells Fargo Bank, N.A. v Kohn, 137 AD3d 897, 898). "'Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect'" (GMAC Mtge., LLC v Eberle, 172 AD3d at 823, quoting U.S. Bank N.A. v. Cherubin, 141 AD3d at 516).
Here, the defendants' submissions in support of their motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale dated March 12, 2015, insofar as asserted against them, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, were insufficient to defeat the presumption of proper service created by the affidavits of the plaintiff's process server demonstrating that personal service was made upon Patricia (see id. § 308[1]), and that she accepted service on behalf of Mohamed and Tony (see id. § 308[2]). Contrary to the defendants' contention, the claimed discrepancies between Patricia's physical appearance and the description of the person served contained in the process server's affidavit were too minor and lacked any substantiation to warrant a hearing. Further, the defendants' remaining contentions with respect to the propriety of service of process are without merit.
However, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against [*3]them as abandoned, and vacated the judgment of foreclosure and sale dated March 12, 2015, insofar as it is against the defendants. On this point, we note that the plaintiff does not claim that that branch of the motion was untimely because it was made after a judgment of foreclosure and sale was issued against them (see Citimortgage, Inc. v Behrman, 189 AD3d at 1161). Therefore, we consider the argument on the merits.
"CPLR 3215(c) generally provides that '[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion'" (BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843, quoting CPLR 3215[c]; see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 456). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764). "To establish 'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (id. at 764; see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 456). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (Giglio v NTIMP, Inc., 86 AD3d at 308).
Here, it is undisputed that the statutory one-year period began to run in mid-November 2008, and the plaintiff purportedly took steps to initiate proceedings for the entry of a default judgment by filing a motion for an order of reference in December 2009, more than one year after the default, which was too late for the plaintiff to "manifest an intent not to abandon the case" (US Bank N.A. v Davis, 196 AD3d 530, 535 [internal quotation marks omitted]; see Chase Home Fin., LLC v Fernandez, 175 AD3d 1381). Further, the record is devoid of any evidence that the motion for an order of reference was addressed to the defendants. It appears that that motion may have been addressed to another defendant, who was not in default, and is no longer a party to this action. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them, and vacated the judgment of foreclosure and sale dated March 12, 2015, insofar as it is against them.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court