Bank of N.Y. Mellon v Blackwood (2022 NY Slip Op 06780)

Bank of N.Y. Mellon v Blackwood

2022 NY Slip Op 06780

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13063
 (Index No. 717387/17)

[*1]Bank of New York Mellon, etc., respondent,
v
Cathrise Blackwood, et al., appellants, et al., defendants.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Cathrise Blackwood, Nicola Blackwood, and Laidlaw Blackwood appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered October 9, 2019. The order, insofar as appealed from, after a hearing to determine the validity of service of process upon the defendants Cathrise Blackwood, Nicola Blackwood, and Laidlaw Blackwood, denied that branch of those defendants' motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 26, 2005, the defendants Cathrise Blackwood (hereinafter Cathrise) and Nicola Blackwood (hereinafter Nicola) executed a note in favor of Countrywide Home Loans, Inc., for a home equity line of credit in the sum of $170,000. The note was secured by a mortgage on real property. On February 16, 2012, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., assigned the note and the mortgage to the plaintiff. On December 15, 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, Cathrise, Nicola, and the defendant Laidlaw Blackwood (hereinafter collectively the defendants). The defendants moved, inter alia, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. After conducting a hearing, in an order entered October 9, 2019, the Supreme Court, among other things, denied that branch of the motion, finding that the plaintiff had provided sufficient proof of proper service and that the defendants had not overcome that showing. The defendants appeal.
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process" (Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d 973, 975 [internal quotation marks omitted]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (id. [internal quotation marks omitted]). "Although bare and unsubstantiated [*2]denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (id.). "A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d 654, 654 [internal quotation marks omitted]). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (id. at 654-655 [internal quotation marks omitted]).
Here, the affidavits of service relied upon by the plaintiff constituted prima facie proof of proper service upon the defendants (see Bank of New York Mellon Trust Co., N.A. v Kahn, 192 AD3d 1070, 1072). The plaintiff correctly contends that the defendants did not rebut the "presumption of proper service" raised by the affidavits of service (Deutsche Bank Natl. Trust Co. v Patrick, 173 AD3d at 975 [internal quotation marks omitted]). Contrary to the defendants' contention, this argument is not improperly raised for the first time on appeal. With respect to the merits, the defendants disputed the process server's description of the individual served, Kimberly Blackwood. Specifically, they contended that her weight, skin color, and height were not described accurately in the affidavits of service. The alleged discrepancy as to Kimberly Blackwood's weight was unsubstantiated. As to her skin color, the more reasonable reading of the affidavits of service was that they referred to Kimberly Blackwood's race rather than to the actual color of her skin. As the defendants did not refute the description of Kimberly Blackwood's race as black, this aspect of the description remained unchallenged. The alleged height discrepancy alone was too minor to necessitate a hearing, particularly under the circumstances of the service in this case, in which the process server spoke to Kimberly Blackwood through a window (see US Bank N.A. v Cherubin, 141 AD3d 514, 516; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723).
The defendants did not raise an issue of fact sufficient to warrant a hearing to determine the validity of service of process. The Supreme Court properly denied that branch of their motion which was, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, although a hearing prior to that determination was not warranted under the circumstances of this case (see Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d at 655). Accordingly, we affirm the order insofar as appealed from.
In light of the foregoing, we need not address the defendants' remaining contention.
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court