Carver Fed. Sav. Bank v Forde (2023 NY Slip Op 01497)

Carver Fed. Sav. Bank v Forde

2023 NY Slip Op 01497

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02585
 (Index No. 7209/12)

[*1]Carver Federal Savings Bank, respondent,
v
Paulette F. Forde, etc., appellant, et al., defendant.

Michael Kennedy Karlson, New York, NY, for appellant.
Fein, Such & Crane, LLP (D.J. & J.A. Cirando, PLLC, Syracuse, NY [John A. Cirando, David P. Case, and Rebecca L. Konst], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paulette F. Forde appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 2, 2020. The order, insofar as appealed from, denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered February 5, 2018, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2012, the plaintiff commenced this action against, among others, the defendant Paulette F. Forde (hereinafter the defendant), to foreclose a mortgage encumbering certain real property in Springfield Gardens. According to an affidavit of service from the plaintiff's process server, the defendant was personally served with the summons and complaint at the subject property on April 10, 2012. In an order entered February 26, 2013, upon the defendant's failure to appear or answer the complaint, the Supreme Court, inter alia, granted the plaintiff's motion for leave to enter a default judgment against the defendant and for an order of reference. On February 5, 2018, the Supreme Court entered an order and judgment of foreclosure and sale, among other things, confirming a referee's report and directing the sale of the subject property. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order entered January 2, 2020, the court, among other things, denied the defendant's motion. The defendant appeals.
Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (see Washington Mut. Bank v Holt, 71 AD3d 670, 670). "'While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing'" (Christiana Trust v Mauro, 191 AD3d 756, 758, quoting Bank of Am., N.A. v Tobing, 145 AD3d 941, 942).
Here, the process server's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308(1). Contrary to the defendant's contention, the claimed discrepancy between her hair color and the description of hair color in the affidavit of service was too minor and insufficiently substantiated to warrant a hearing (see HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794; PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court