Citimortgage, Inc. v Kimmerling (2023 NY Slip Op 05246)

Citimortgage, Inc. v Kimmerling

2023 NY Slip Op 05246

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-01250
 (Index No. 22701/09)

[*1]Citimortgage, Inc., respondent, 
v
Jacqueline Kimmerling, as administrator of the estate of Karen Reese, appellant, et al., defendants.

Scott A. Conlon, Williston Park, NY, for appellant.
Roach & Lin P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacqueline Kimmerling, as administrator of the estate of Karen Reese, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 6, 2019. The order, insofar as appealed from, granted those branches of the motion of Wilmington Savings Fund Society, FSB, which were for leave to enter a default judgment against Karen Reese and for an order of reference, and denied the cross-motion of the defendant Jacqueline Kimmerling, as administrator of the estate of Karen Reese, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of Wilmington Savings Fund Society, FSB, which were for leave to enter a default judgment against Karen Reese and for an order of reference are denied, and the cross-motion of the defendant Jacqueline Kimmerling, as administrator of the estate of Karen Reese, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted.
In 2006, Karen Reese executed a note in the amount of $275,000, in favor of ABN Amro Mortgage Group, Inc. (hereinafter AAMG), which was secured by a mortgage on real property located in Nassau County. In 2009, the plaintiff, Citimortgage, Inc., AAMG's successor in interest, commenced the instant action to foreclose the mortgage against, among others, Reese. It is not disputed that Reese defaulted in answering the complaint. In March 2013, the plaintiff moved, inter alia, for leave to enter a default judgment against Reese and for an order of reference. The plaintiff's motion was granted, and in April 2015, the plaintiff was awarded a judgment of foreclosure and sale (hereinafter the 2015 judgment). However, in June 2018, the 2015 judgment was vacated by decision and order of this Court on procedural grounds pursuant to CPLR 3215(g)(1) for failure to give Reese proper notice of the plaintiff's motions for an order of reference and for a judgment of foreclosure and sale (see Citimortgage, Inc. v Reese, 162 AD3d 847, 848).
In June 2019, the plaintiff's successor in interest, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), moved, inter alia, for leave to enter a default judgment against Reese and for a new order of reference. Sometime thereafter Reese died, and Jacqueline Kimmerling (hereinafter the defendant) was named executor of Reese's estate, and was substituted in place of [*2]Reese. The defendant opposed Wilmington's motion, and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. In an order entered November 6, 2019, the Supreme Court, inter alia, granted those branches of Wilmington's motion and denied the defendant's cross-motion. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 456). In order to show sufficient cause, a plaintiff is required to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d at 456). "Furthermore, where an action is subject to a mandatory settlement conference (see CPLR 3408), the one-year deadline imposed by CPLR 3215(c) is tolled while settlement conferences are pending" (Cumanet, LLC v Murad, 188 AD3d 1149, 1151 [internal quotation marks omitted]; see 22 NYCRR 202.12-a[c][7]; JPMorgan Chase Bank, N.A. v Hosain, 178 AD3d 785, 787).
Here, it is not disputed that this matter was released from the settlement conference part in December 2011, and that the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment by moving for leave to enter a default judgment and for an order of reference until March 2013, "which was too late for the plaintiff to 'manifest an intent not to abandon the case'" (U.S. Bank N.A. v Westchester County Pub. Adm'r, 198 AD3d 1001, 1005, quoting US Bank N.A. v Davis, 196 AD3d 530, 535). In opposition to the defendant's cross-motion, Wilmington offered only vague, conclusory, and unsubstantiated assertions which were insufficient to excuse the plaintiff's delay in moving for leave to enter a default judgment (see PennyMac Corp. v Weinberg, 203 AD3d 1061; Giglio v NTIMP, Inc., 86 AD3d at 308).
Since Wilmington failed to proffer a reasonable excuse for the plaintiff's delay, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Chase Home Fin., LLC v Dasuja, 204 AD3d 638, 640; Bank of Am., N.A. v Santos, 175 AD3d 449, 451).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted the defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned and denied those branches of Wilmington's motion which were for leave to enter a default judgment against Reese and for an order of reference.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court