MidFirst Bank v Morris (2023 NY Slip Op 06039)

MidFirst Bank v Morris

2023 NY Slip Op 06039

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2022-01984
 (Index No. 62568/13)

[*1]MidFirst Bank, respondent, 
v
Ashley Morris, etc., appellant, et al., defendants.

The Law Offices of Andrew L. Saraga, P.C., Westbury, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ashley Morris, individually and as administrator for the estate of Fritz Harold Morris, also known as Fritz Morris, appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 27, 2022. The order, insofar as appealed from, denied that defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2013, the plaintiff commenced the instant action against Ashley Morris, individually and as administrator for the estate of Fritz Harold Morris, also known as Fritz Morris (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Brentwood. The defendant was served on September 2, 2013, but did not answer or appear. By notice of motion dated June 27, 2014, the plaintiff attempted to file a motion for an order of reference, complete with the filing fee, but the filing was unsuccessful and the motion was not placed on the court's calendar.
In August 2021, the plaintiff moved, inter alia, for a default judgment against the defendant. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. As relevant to this appeal, by order dated January 27, 2022, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals from that portion of the order.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Bank of Am., N.A. v Rice, 155 AD3d 593, 593). "It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default" (Citibank, N.A. v Kerszko, 203 AD3d 42, 51). "[A] plaintiff has not abandoned an action if, within one year after the defendant's default, the plaintiff has manifested an intent not to abandon the case, but to take steps to seek a judgment" (id. at 50-51).
Here, the plaintiff presented a motion for an order of reference within the one-year statutory period. "The fact that the Supreme Court rejected the [motion] as defective is beside the point, as the mere presentment of it established the plaintiff's intent to proceed toward the entry of judgment and not to abandon the action" (id. at 52; see Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1006; Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097, 1099).
Accordingly, the Supreme Court properly denied the defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
In light of our determination, we need not reach the plaintiff's remaining contentions.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court