TD Bank, N.A. v Turbo Group, Inc. (2024 NY Slip Op 02217)

TD Bank, N.A. v Turbo Group, Inc.

2024 NY Slip Op 02217

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-06685
 (Index No. 712869/16)

[*1]TD Bank, N.A., respondent, 
v
Turbo Group, Inc., defendant, Steven Sucato, appellant.

Zabell & Collotta, P.C., Bohemia, NY (Ryan M. Eden of counsel), for appellant.
Sherman Atlas Sylvester & Stamelman LLP, New York, NY (Anthony C. Valenziano of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a guaranty, the defendant Steven Sucato appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), dated August 8, 2022. The order denied that defendant's motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of a judgment of the same court entered March 6, 2017, as, upon his failure to appear or answer the complaint, was in favor of the plaintiff and against him, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover on a promissory note, which the plaintiff alleged was in favor of the defendant Turbo Group, Inc., and a personal guaranty, which the plaintiff alleged was executed by the defendant Steven Sucato. Sucato failed to appear or answer the complaint. A default judgment was subsequently entered in favor of the plaintiff and against the defendants in the principal sum of $64,371.23.
Thereafter, Sucato moved, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of the judgment as was in favor of the plaintiff and against him, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and for related relief. In an order dated August 8, 2022, the Supreme Court denied Sucato's motion. Sucato appeals.
"A process server's affidavit of service constitutes prima facie evidence of proper service" (Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 788 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847; see U.S. Bank N.A. v Smith, 210 AD3d 725, 727). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Carver Fed. Sav. Bank v Forde, 214 AD3d 851, 852 [internal quotation marks omitted]; see Tuttnauer USA Co., Ltd. v Russo, 216 AD3d at 847; Bank of N.Y. [*2]Mellon v Blackwood, 210 AD3d 1040, 1041). "[M]inor discrepancies between the appearance of the person allegedly served and the description of the person served in the affidavit of service are generally insufficient to raise an issue of fact warranting a hearing" (Newlands Asset Holding Trust v Vasquez, 218 AD3d at 789 [internal quotation marks omitted]; see Bank of New York Mellon v Blackwood, 210 AD3d at 1041). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (Newlands Asset Holding Trust v Vasquez, 218 AD3d at 789; see U.S. Bank N.A. v Westchester County Pub. Adm'r, 198 AD3d 1001, 1004).
Here, the submissions by Sucato failed to rebut the presumption of proper service raised by the process server's affidavit, which averred that a female relative of suitable age and discretion accepted service on his behalf (see CPLR 308[2]). Contrary to Sucato's contention, the claimed discrepancies between the physical appearance of the two female residents of his home and the description of the person served as described in the process server's affidavit were either too minor or insufficiently substantiated to warrant a hearing (see Carver Fed. Sav. Bank v Forde, 214 AD3d at 852; U.S. Bank N.A. v Westchester County Pub. Adm'r, 198 AD3d at 1004; Bank of Am., N.A. v Martin, 187 AD3d 1108, 1110). Accordingly, the Supreme Court properly denied Sucato's motion.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court