RG Remodeling, Inc. v Greco (2024 NY Slip Op 04791)

RG Remodeling, Inc. v Greco

2024 NY Slip Op 04791

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-04225
 (Index No. 59289/22)

[*1]RG Remodeling, Inc., respondent, 
v
David L. Greco, et al., appellants.

Law Office of Mario DeMarco, P.C., Port Chester, NY (Michelle DeGiorgio of counsel), for appellants.
Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated December 14, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate a clerk's judgment of the same court entered June 24, 2022, upon their failure to appear or answer the complaint, which is in favor of the plaintiff and against the defendants in the principal sum of $78,398.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendants. The defendants failed to appear or answer the complaint. On June 24, 2022, a clerk's judgment was entered upon the defendants' default in favor of the plaintiff and against them in the principal sum of $78,398. Subsequently, the defendants moved, among other things, pursuant to CPLR 5015(a) to vacate the clerk's judgment. In an order dated December 14, 2022, the Supreme Court, inter alia, denied that branch of the motion, and the defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly denied, without a hearing, vacatur of the clerk's judgment pursuant to CPLR 5015(a)(4). The process server's affidavits of service constituted prima facie evidence that the defendants were validly served pursuant to CPLR 308 (see Carver Fed. Sav. Bank v Forde, 214 AD3d 851, 852; Bank of N.Y. v Samuels, 107 AD3d 653, 653). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Scarano v Scarano, 63 AD3d 716, 716 [citation and internal quotation marks omitted]; see Bank of N.Y. v Samuels, 107 AD3d at 653-654). "Bare and unsubstantiated denials are insufficient to rebut the presumption of service" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663 [internal quotation marks omitted]). Here, the defendants' bare and unsubstantiated denials failed to rebut the specific facts contained in the process server's affidavits of service, and no hearing was required (see Wilmington Sav. Fund Socy., FSB [*2]v Zabrowsky, 212 AD3d 866, 869-870; Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d 654, 655).
Moreover, insofar as the defendants moved pursuant to CPLR 5015(a)(1) to vacate the clerk's judgment, they failed to establish a reasonable excuse for their default, since the only excuse they proffered was that they were not served with process (see Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652; Bank of N.Y. v Samuels, 107 AD3d at 654). In view of the absence of a reasonable excuse, we need not consider whether the defendants have provided a potentially meritorious defense to the action (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 876; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the clerk's judgment.
The defendants' remaining contention need not be reached in light of our determination.
We decline the plaintiff's request to impose a sanction against the defendants for pursuing this allegedly frivolous appeal (see 22 NYCRR 130-1.1).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court