Progressive Cas. Ins. Co. v Phillips (2025 NY Slip Op 50006(U))

[*1]

Progressive Cas. Ins. Co. v Phillips

2025 NY Slip Op 50006(U)

Decided on January 8, 2025

Supreme Court, Bronx County

Howard-Algarin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2025
Supreme Court, Bronx County

Progressive Casualty Insurance Company 
 A/S/O Richard A. Thomas, Plaintiff,

against
Clive Phillips, Defendants.

Index No. 805813/2022E

Counsel for plaintiff Progressive Casualty Insurance Company A/S/O Richard A. Thomas: Ross & Suchoff, LLC

John A. Howard-Algarin, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion for default judgment:
Papers                      
 NYSCEF Doc. No(s).
Notice of Motion, Affirmation in Support, Statement of Material Facts, Exhibits Thereto 3-9
Motion decided as follows: Upon deliberation of the application of the plaintiff Progressive Casualty Insurance Company ("Plaintiff") A/S/O Richard A. Thomas ("Insured"), by notice of motion, and all papers in connection therewith, for an Order pursuant to CPLR § 3215(a) and (b), granting default judgment as to defendant Clive Phillips ("Phillips"), said motion is denied.
Plaintiff's cause of action is a subrogation claim stemming from a motor vehicle accident that occurred on May 31, 2020, when a vehicle owned and operated by defendant came into contact with a vehicle owned and operated by Thomas, plaintiff's insured, at or near the intersection of Grave and Edenwald Avenues in Bronx County, New York (NYSCEF Doc No 5).
Plaintiff commenced this action by filing a summons and complaint on April 22, 2022 (NYSCEF Doc No 1) and submitted an affidavit of service, pursuant to CPLR § 308[2], [*2]purporting to show service upon a person of suitable age and discretion at Phillips' usual place of abode on May 26, 2022 (NYSCEF Doc No 6). This gave Phillips until June 27, 2022, to Answer or otherwise respond to plaintiff's pleadings (see CPLR § 320[a]). Failing any such appearance or response to the pleadings by Phillips, plaintiff had up to one year within which to move for a default judgment, to wit, up to June 27, 2023 (CPLR § 3215[c]).
Pertinent here, plaintiff filed the instant motion for a default judgment on March 12, 2024, acknowledging its lateness and asserting as a basis therefore the impact of the COVID-19 pandemic and exceedingly busy law office. Plaintiff, through counsel, asks this court to disregard the late filing and to grant the default judgment. While courts in this jurisdiction are required to dismiss as abandoned complaints asserting issues not joined by parties duly served with process within one year after the default, such a fate may be averted by a plaintiff that provides the court with sufficient cause why the complaint should not be dismissed (see Citimortgage, Inc. v Kimmerling, 220 AD3d 838, 839-40 [2nd Dept 2023] [finding that "[t]he language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims"]).
In this case, plaintiff files a default motion in March 2024, 259 days late, and asks the court to excuse the lateness based on the impact of a pandemic that reached its historical apex impact in the United States in 2020. This court will not override the statutory mandate upon such flimsy "just cause." As such, the Court shall dismiss plaintiff's complaint against Phillips and deny plaintiff's late application.
Accordingly, it is hereby:
ORDERED that plaintiff Progressive Casualty Insurance Company A/S/O Richard A. Thomas's Motion for an Order of default judgment as to defendant Clive Phillips is DENIED; and it is further,
ORDERED that plaintiff Progressive Casualty Insurance Company A/S/O Richard A. Thomas complaint is dismissed in its entirety.
The foregoing constitutes the Decision and Order of the Court. 
Dated: January 8, 2025
HON. JOHN A. HOWARD-ALGARIN
J.S.C.