Deutsche Bank Natl. Trust Co. v Porter (2026 NY Slip Op 01035)

Deutsche Bank Natl. Trust Co. v Porter

2026 NY Slip Op 01035

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-07358
 (Index No. 22007/09)

[*1]Deutsche Bank National Trust Company, etc., appellant,
vDonna Porter, etc., et al., defendants.

Greeberg Traurig, LLP, New York, NY (Leah N. Jacob of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated January 20, 2023. The order denied the plaintiff's unopposed motion, in effect, pursuant to CPLR 2221(a) to vacate an order of the same court (Kathryn D. Hopkins, Ct. Atty. Ref.) dated September 10, 2012, sua sponte, directing dismissal of the complaint as abandoned pursuant to CPLR 3215(c), and to restore the action to the active calendar.
ORDERED that the order dated January 20, 2023, is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion, in effect, pursuant to CPLR 2221(a) to vacate the order dated September 10, 2012, and to restore the action to the active calendar is granted.
In October 2009, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Donna Porter (hereinafter the defendant). After the defendant failed to appear or answer the complaint, the plaintiff moved for an order of reference. In an order entered August 25, 2010, the Supreme Court denied the motion. The plaintiff subsequently moved for the same relief, which was denied in an order entered March 11, 2011. In an order dated September 10, 2012, the court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the dismissal order). In September 2022, the plaintiff moved, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar. The motion was unopposed. In an order dated January 20, 2023, the court denied the motion. The plaintiff appeals.
The Supreme Court erred in denying the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar. CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Deutsche v Natl. Trust Co. v Campbell, 219 AD3d 701, 703; Bank of Am., N.A. v Rice, 155 AD3d 593, 593). A plaintiff has not abandoned an action if, within one year after the defendant's default, the plaintiff has manifested an intent not to abandon the action, but to take steps to seek a judgment (see MidFirst Bank v Morris, 221 AD3d 889, 890; Citimortgage, Inc. v Kimmerling, 220 AD3d 838, 840). Here, the plaintiff moved for an order of reference within the one-year statutory period. The fact that the court denied the motion is beside the point, as the mere presentation of the motion established the [*2]plaintiff's intent to proceed toward the entry of judgment and not to abandon the action (see Wells Fargo Bank, N.A. v Wint, 235 AD3d 701, 703; MidFirst Bank v Morris, 221 AD3d at 890; Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621). Because the plaintiff did not fail to take timely proceedings for the entry of a judgment against the defendant within the meaning of CPLR 3215(c), the plaintiff was not required to demonstrate an excuse for its purported delay in moving to vacate the dismissal order (see Wells Fargo Bank, N.A. v Wint, 235 AD3d at 703; U.S. Bank N.A. v Cadoo, 197 AD3d 586, 588). Moreover, the plaintiff's motion, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar was not subject to any specific time limitation (see Wells Fargo Bank, N.A. v Wint, 235 AD3d at 703; Deutsche Bank Natl. Trust Co. v Campbell, 219 AD3d at 702).
Since dismissal of the action under CPLR 3215(c) was unwarranted, the Supreme Court should have granted the plaintiff's unopposed motion, in effect, pursuant to CPLR 2221(a) to vacate the dismissal order and to restore the action to the active calendar (see Wells Fargo Bank, N.A. v Lopez, 214 AD3d 844, 845; U.S. Bank, N.A. v Stiene, 203 AD3d 985, 987; US Bank, N.A. v Picone, 170 AD3d 1070, 1072).
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court