Wells Fargo Bank, N.A. v YSB Assets, LLC (2026 NY Slip Op 01552)

Wells Fargo Bank, N.A. v YSB Assets, LLC

2026 NY Slip Op 01552

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-07252
2023-07253
 (Index No. 18395/09)

[*1]Wells Fargo Bank, N.A., respondent,
vYSB Assets, LLC, appellant, et al., defendants.

The Yitzhak Law Group (Butler, Fitzgerald & Fiveson, P.C., New York, NY [Christopher P. Kohn and David K. Fiveson], of counsel), for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant YSB Assets, LLC, appeals from two orders of the Supreme Court, Kings County (Mark I. Partnow, J.), both dated April 13, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant YSB Assets, LLC, and for an order of reference, and denied that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant YSB Assets, LLC, and for an order of reference are denied, and that branch of that defendant's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned is granted.
In July 2009, the plaintiff's predecessor in interest commenced this mortgage foreclosure action against, among others, 222 Amanda Properties, Inc. (hereinafter Amanda Properties), the alleged owner of certain property located in Brooklyn. In March 2016, Amanda Properties conveyed the property to YSB Assets, LLC (hereinafter YSB). In June 2019, the Supreme Court granted the plaintiff's motion, inter alia, for leave to amend the caption to remove Amanda Properties as a defendant and to substitute YSB as a defendant in the action.
In October 2019, YSB moved, pre-answer, to dismiss the amended complaint insofar as asserted against it. In an order entered February 5, 2020, the Supreme Court denied the motion. Thereafter, YSB failed to answer the amended complaint. In March 2022, the plaintiff moved, among other things, for leave to enter a default judgment against YSB and for an order of reference. In July 2022, the plaintiff withdrew its motion.
In October 2022, the plaintiff again moved, inter alia, for leave to enter a default [*2]judgment against YSB and for an order of reference. YSB opposed the motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned. In an order dated April 13, 2023, the Supreme Court, inter alia, granted the plaintiff's motion and denied that branch of YSB's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned. In a second order dated April 13, 2023, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. YSB appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see MidFirst Bank v Morris, 221 AD3d 889, 889 [internal quotation marks omitted]). "It is not necessary for a plaintiff to actually obtain a judgment within one year after the default to avoid a CPLR 3215(c) dismissal, so long as proceedings were undertaken to do so during the initial year after the defendant's default" (Citibank, N.A. v Kerszko, 203 AD3d 42, 51; see Aurora Loan Services, LLC v Colleluori, 170 AD3d 1097, 1098-1099).
Here, the plaintiff failed to establish that it took proceedings toward the entry of judgment within one year after YSB's default. Pursuant to CPLR 3211(f), service of YSB's pre-answer motion to dismiss the amended complaint insofar as asserted against it extended YSB's time to answer the amended complaint until 10 days after service of notice of entry of the order determining the motion (see Eaton v Bluestone, 226 AD3d 745, 746; Rosas v Petkovich, 218 AD3d 814, 816). The record reflects that the order entered February 5, 2020, which denied YSB's motion, was served with notice of entry on April 30, 2020. Taking into account the tolling provision of the COVID-19 executive orders (see 9 NYCRR 8.202.8, 8.202.67) and the 60-day automatic stay of foreclosure proceedings pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (see HSBC Bank USA, N.A. v Johnson, 234 AD3d 675, 675-676), the plaintiff had until January 2022 to take proceedings toward the entry of judgment against YSB in order to avoid a dismissal pursuant to CPLR 3215(c). However, the plaintiff's initial motion, inter alia, for leave to enter a default judgment against YSB and for an order of reference was not made until March 2022.
Where, as here, the plaintiff has failed to timely take proceedings toward the entry of judgment, a plaintiff may avoid dismissal pursuant to CPLR 3215(c) by demonstrating sufficient cause for why the complaint should not be dismissed. "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d 301, 308; see CIT Group/Consumer Fin., Inc. v Kaiser, 206 AD3d 791, 792). Here, the plaintiff did not proffer a reasonable excuse for its failure to timely take proceedings for the entry of judgment against YSB (see Chase Home Fin., LLC v Morris, 235 AD3d 827, 829; HSBC Bank USA, N.A. v Johnson, 234 AD3d at 677). Since the plaintiff failed to proffer a reasonable excuse for its delay, this Court need not consider whether the plaintiff demonstrated a potentially meritorious cause of action (see Chase Home Fin., LLC v Morris, 235 AD3d at 829; Deutsche Bank Natl. Trust Co. v Bakarey, 198 AD3d 718, 722).
YSB's remaining contention is not properly before this Court.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against YSB and for an order of reference and granted that branch of YSB's cross-motion which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against it as abandoned.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court