Ford Motor Credit Co. LLC v Unterburger (2025 NY Slip Op 50384(U))

[*1]

Ford Motor Credit Co. LLC v Unterburger

2025 NY Slip Op 50384(U)

Decided on March 25, 2025

Supreme Court, Wyoming County

Cianfrini, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2025
Supreme Court, Wyoming County

Ford Motor Credit Company LLC,

against
Patricia Unterburger.

Index No. 9000099

Eric S. Pillischer, Esq.
Attorney for Plaintiff
Arianna Gabriel, Esq.
Attorney for Defendant

Melissa Lightcap Cianfrini, J.

BACKGROUND
The Defendant moved for an Order vacating the default Judgment previously entered on October 14, 2021 in this action by way of Order to Show Cause on September 26, 2024. The Plaintiff consented to a traverse hearing on October 31, 2024 and this Court signed an order on November 7, 2024 setting a date to conduct the traverse hearing.
A traverse hearing was held on March 18, 2025 to determine the issue of service of process on the Defendant, which allegedly occurred on October 29, 2020.

TRAVERSE HEARING
The Plaintiff called one witness, Deputy John Button from the Wyoming County Sheriff's Office, and admitted two exhibits into evidence (Report Card of Service as Exhibit 1 and Affidavit of Service as Exhibit 2).
The defense called one witness, the Defendant, Patrica Unterburger, who appeared virtually.
The Plaintiff, has met its burden with documentary evidence [FN1]
and Deputy John Button's testifimony that he served a blonde female, who identified herself as Patricia Unterburger at 525 North Street, Apartment 9, Arcade New York, on October 29, 2020 at 3:07 pm. Deputy Button [*2]stated that Ms. Unterburger was 5 foot 7 inches and 115 pounds, a white female, fair skinned, blonde hair and about 25 years of age and not active military. Furthermore, almost instantly after effectuating service, Deputy Button [FN2]
completed his Report Card of Service [FN3]
. Moreover, Deputy Button is a non-interested witness in this case.
The Defendant is unable to shift that burden to the Plaintiff as the Defendant has failed to show an "extreme disparity". The Defendant stated she was 5 foot 3 inches tall and weighed about 140 pounds and that she was 8-months pregnant at the time she resided at 525 North Street, Apartment 9, Arcade New York. The Defendant also testified she was the only adult person who lived at that address. No testimony was elicited on the exact whereabouts of the Defendant on October 29, 2020 at approximately 3:07 pm, which was the time of service. The Defendant did not provide any non-interested party witnesses during her proof or any documentary evidence in support of improper service on the Defendant.

ANALYSIS
The Court's determination is in accord with US Bank v. Cherubi, 141 AD3d 514, where a 5-inch discrepancy in the height of the person purportedly served with the complaint was insufficient to merit a hearing [FN4]
on service in the foreclosure action. Moreover, in Wells Fargo Bank v. Kohn NA, 137 AD3d 897, the court held that a single minor discrepancy between the appearance of the person allegedly served, and the description of the person served in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing.
Like the case at bar, the only minor discrepancies are the height and weight. Deputy John Button, who this Court found credible, employed the same routine and procedure as he performs on every civil case involving personal service [FN5]
. Accordingly, the fact that Deputy Button did not remember the exact interaction from almost four years ago with the Defendant does not detract from his credible testimony at the hearing, nor the accurate records he kept, which are in evidence. The Court, therefore, weighs the documentary evidence (Plaintiff's Exhibits 1 and 2) in Plaintiff's favor, despite his inability to remember the encounter almost four years ago. See e.g. Rowlan v. Brooklyn Jewish Hosp., 100 AD2d at 845.

CONCLUSION
Accordingly, the Court finds that the process server properly effectuated service upon the Defendant and traverse is DENIED and the motion to vacate the default judgment is DENIED.
This Decision constitutes the Order of this Court.
DATED: March 25, 2025
Warsaw, New York
HON. MELISSA LIGHTCAP CIANFRINI
Acting Supreme Court Justice

Footnotes

Footnote 1: Plaintiff's Exhibits 1 and 2.

Footnote 2: Deputy Button also testified he attends annual training regarding process of service.

Footnote 3: Plaintiff's Exhibit 1.

Footnote 4: The Plaintiff consented to a Traverse hearing.

Footnote 5: Deputy Button did not remember the exact interaction on October 29, 2020 with the Defendant given the lapse in time.